IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEON E. MORRIS,

    Plaintiff,                    No. 2:12-cv-1202 MCE KJN P

    vs.

DR. NANGALAMA, et al.,         <u>ORDER AND</u>

    Defendants.            <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel. The court addresses several outstanding matters seriatim.

        1. <u>Plaintiff's In Forma Pauperis Status</u>

        On July 5, 2012, plaintiff was granted leave to forma pauperis because plaintiff demonstrated he was unable to afford the filing fee. However, because other courts have determined that plaintiff has "struck out" under 28 U.S.C. § 1915(g), and because plaintiff does not allege that he is under imminent danger of serious physical harm, the court finds that plaintiff's in forma pauperis status should be revoked in this case as well.[1]

---

[1] In his original complaint, plaintiff stated he had filed only four lawsuits prior to this one. (Dkt. No. 1 at 1.) However, a review of court records from the Northern, Southern, and Eastern Districts of California reveals that plaintiff filed at least 11 lawsuits before this one. Six of those cases are still pending.

Title 28 U.S.C. § 1915(g) reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id.

On April 3, 2008, another court in the United States District Court for the Northern District of California determined that plaintiff had "struck out" under 28 U.S.C. § 1915(g), and dismissed the case. Morris v. Woodford, 3:07-cv-4198 MJJ (N.D. Cal.). The decisions on which the Northern District Court based its ruling were final before plaintiff brought his complaint in 3:07-cv-4198 MJJ. (Id.) On September 4, 2008, plaintiff's appeal was dismissed, and the mandate was spread. Id. On December 11, 2012, another court revoked plaintiff's in forma pauperis status, citing the April 3, 2008 ruling. Morris v. Green, 2:12-cv-2448 JAM CKD (E.D. California) (Dkt. No. 13). The district court reviewed the cases identified as "strikes" by the Northern District Court, and found that the cases constitute strikes. Id. at 2, n.2.

Because the district court's April 3, 2008 decision was final well before the instant action was filed, this court finds that plaintiff's in forma pauperis status should also be revoked in this action. In his original complaint, plaintiff sought damages against defendants for alleged deliberate indifference to his medical needs, and alleged retaliation against plaintiff in several respects. Plaintiff did not seek injunctive relief nor point to anything suggesting he is under imminent danger of serious physical injury.

In light of the foregoing, plaintiff's in forma pauperis status should be revoked and plaintiff be ordered to pay the $350.00 filing fee within fourteen days. Plaintiff is cautioned that failure to submit the filing fee will result in a recommendation that this action be dismissed.

    2. Plaintiff's Motion to Amend

On July 5, 2012, this court determined that plaintiff stated a cognizable civil rights claim as to defendants Nangalama, Sahota, and Vu, and ordered service of process after plaintiff opted not to amend his complaint as to other defendants or claims. (See Dkt. No. 7, 12.)[2] In the interim, however, plaintiff filed a new complaint, consistent with this court's screening order, which was assigned to a different judge. On July 25, 2012, in Morris v. Turner, Case No. 2:12-cv-1950, another court construed plaintiff's filing as a motion to amend in the instant action, finding that the complaint filed in Case No. 2:12-cv-1950 was "virtually duplicative" of the original complaint filed in the instant action, and that these two actions "share a common transactional nucleus of facts." Id., Dkt. No. 5. Because the proposed amended complaint does not include plaintiff's claims that defendants Nangalama, Sahota, and Vu were deliberately indifferent to plaintiff's serious medical needs, the court grants plaintiff's motion to amend, and dismisses the amended complaint. Plaintiff shall file a second amended complaint that complies with this court's July 5, 2012 screening order, and which includes all of his claims, within thirty days from the date he submits the filing fee. Plaintiff is cautioned that failure to timely file a second amended complaint will result in a recommendation that this action be dismissed.

    3. Request for Appointment of Counsel

Plaintiff also requested the appointment of counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an

---

[2] Plaintiff subsequently sought entry of default as to defendants who failed to respond. However, defendants Nangalama and Sahota were the only two defendants on whom the U.S. Marshal accomplished service of process, and they filed an answer on November 13, 2012. (Dkt. No. 16.) Service of process on defendant Vu was returned unexecuted, with the notation that the Dr. Vu currently employed at the California Department of Corrections and Rehabilitation ("CDCR") has "never worked at CSP-SAC," and the CDCR has no other employee by this name, including contract employees. (Dkt. No. 15.) Thus, once plaintiff has an operative complaint on file, if plaintiff renews his cognizable claim against Dr. Vu, plaintiff will be required to provide additional information to accomplish service of process on this defendant. Accordingly, entry of default is not appropriate at this time.

attorney to voluntarily to represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

4. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend (dkt. no. 14) is granted;

2. Plaintiff's amended complaint (dkt. no. 14) is dismissed;

3. Plaintiff is granted thirty days from the date he submits the court's filing fee to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and one copy of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed;

4. Plaintiff's request for entry of default (dkt. no. 19) is denied without prejudice; and

5. Plaintiff's motion for appointment of counsel (dkt. no. 20) is denied.

IT IS RECOMMENDED that:

1. Plaintiff's in forma pauperis status be revoked; and

2. Plaintiff be ordered to pay the $350.00 filing fee within fourteen days from any order of the district court adopting the instant findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  January 28, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

morr1202.3str