UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON E. MORRIS, | No. 2:12-cv-1202 MCE KJN P |
| Plaintiff, | |
| v. | ORDER |
| DR. NANGALAMA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's claims that defendants violated plaintiff's First and Eighth Amendment rights. On March 16, 2015, plaintiff filed a motion requesting sanctions and judicial intervention, which this court construes as a motion to compel discovery. Defendants filed an opposition; no reply was filed by plaintiff. As set forth below, plaintiff's motion is denied.

I. Applicable Legal Standards

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1) (quotation marks omitted). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

1

With respect to interrogatories, a party may propound interrogatories related to any matter that may be inquired into under Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 33(a)(2). A party objecting to an interrogatory must state the grounds for the objection with specificity. Fed. Civ. P. 33(b)(4). With respect to requests for production, a party may propound requests for production of documents that are within the scope of Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 34(a). A party objecting to a request for production must state the reasons for the objection. Fed. R. Civ. P. 33(b)(2)(B).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

I. Request for Interrogatories

In his motion, plaintiff contends that defendant Nangalama refused to answer interrogatory numbers 7 and 9, and partially answered number 8; defendant Sahota refused to answer numbers 7, 9, and 10, and partially answered number 8; defendant Turner refused to answer numbers 7 and 8, and partially answered number 6; and defendant Whitted refused to answer numbers 6, 7, and 8. Defendants assert that their objections are valid, and no further responses should be ordered.

Under the Federal Rules of Civil Procedure, a responding party is obligated to respond to interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4). The responding party shall use common sense and reason. E.g. Collins v. Wal-Mart Stores, Inc., 2008 WL 1924935, *8 (D. Kan. Apr.30, 2008). A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. L.H. v. Schwarzenegger, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to

supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

A. Defendant Nangalama

> INTERROGATORY NO. 7: Why have you come to work in or @ C.S.P./Sacramento or any other California state gulag/prison?
>
> RESPONSE: Defendant objects to this interrogatory on the grounds that it is overbroad as to scope and time, compound, not relevant to a stated claim or defense in this action, and not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory also seeks to invade Defendant's rights to privacy and confidentiality protected under common law and the Constitutions of the State of California and the United States.

(ECF No. 65 at 4.)

Defendant's objections are sustained. As argued by defendants, the reason for defendant's employment decisions are not relevant to plaintiff's claims in this action. Plaintiff's motion to compel further response is denied.

> INTERROGATORY NO. 8: How many times have you had a 602 staff complaint filed against you?
>
> RESPONSE: Defendant objects to this interrogatory on the grounds that it is overbroad as to scope and time, vague and ambiguous in its reference to "602 staff complaint," not relevant to a stated claim or defense in this action, and not reasonably calculated to lead to the discovery of admissible evidence, calls for speculation, and assumes facts not in evidence. This interrogatory also seeks to invade Defendant's rights to privacy and confidentiality protected under common law and the Constitutions of the State of California and the United States. Without waiving these objections, Defendant responds as follows: Defendant notes that inmates frequently file grievances against CDCR staff, including Defendant. Defendant does not recall any staff filing a complaint against him.

(ECF No. 65 at 4-5.)

Defendant's objections are sustained. Plaintiff's reference to "602 staff complaint" is ambiguous. Moreover, plaintiff has failed to demonstrate that other inmate grievances are relevant to plaintiff's claims herein. See Calloway v. Kelley, 2014 WL 7140576 at *2 ("Plaintiff bears the burden of identifying which responses are in dispute and providing sufficient information so that the Court can discern why he is challenging the response. It is insufficient for

3

Plaintiff to merely attach all discovery requests and responses thereto and claim he is not satisfied and request a further response."). Plaintiff's motion to compel further response is denied.

> INTERROGATORY NO. 9: What was each 602 staff complaint filed against you about? What was the complaint about?
>
> RESPONSE: Defendant objects to this interrogatory on the grounds that it is overbroad as to scope and time, vague and ambiguous in its reference to "602 staff complaint," compound, not relevant to a stated claim or defense in this action, and not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory also seeks to invade Defendant's rights to privacy and confidentiality protected under common law and the Constitutions of the State of California and the United States. Similarly, this interrogatory seeks to invade the rights to privacy and confidentiality protected under common law and the Constitutions of the State of California and the United States of individuals who are not party to this action. Without waiving these objections, Defendant responds as follows: Not applicable; Defendant does not recall any staff filing a complaint against him.

(ECF No. 65 at 5.)

Defendant's objections are well-taken. Plaintiff's reference to "602 staff complaint" is ambiguous, and defendant does not recall any staff filing a complaint against him. Moreover, plaintiff has failed to demonstrate that other inmate grievances are relevant to plaintiff's claims herein. Plaintiff's motion to compel further response is denied.

B. <u>Defendant Sahota</u>

> INTERROGATORY NO. 7: Why have you come to work in or @ C.S.P./Sacramento or any other California state gulag/prison?
>
> RESPONSE: Defendant objects to this interrogatory on the grounds that its reference to "gulag" is argumentative and inflammatory. Defendant further objects to this interrogatory on the grounds that it is not relevant to a stated claim or defense in this action, and not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory also seeks to invade Defendant's rights to privacy and confidentiality protected under common law and the Constitutions of the State of California and the United States.

(ECF No. 65 at 6.)

As argued by defendants, the reason for defendant's employment decisions are not relevant to this action. Plaintiff's motion to compel further response is denied.

////

4

> INTERROGATORY NO. 8: How many times have you had a 602 staff complaint filed against you?
>
> RESPONSE: Defendant objects to this interrogatory on the grounds that it is overbroad as to scope and time, vague and ambiguous in its reference to "602 staff complaint," not relevant to a stated claim or defense in this action, and not reasonably calculated to lead to the discovery of admissible evidence, calls for speculation, and assumes facts not in evidence. This interrogatory also seeks to invade Defendant's rights to privacy and confidentiality protected under common law and the Constitutions of the State of California and the United States. Without waiving these objections, Defendant responds as follows: Defendant notes that inmates frequently file grievances against CDCR staff, including Defendant. Defendant does not recall any staff filing a complaint against Defendant.

(ECF No. 65 at 6.)

Defendant's objections are well-taken. Plaintiff's reference to "602 staff complaint" is ambiguous, and defendant does not recall any staff filing a complaint against defendant. Further, plaintiff has failed to demonstrate that other inmate grievances are relevant to plaintiff's claims herein. Plaintiff's motion to compel further response is denied.

> INTERROGATORY NO. 9: What was each 602 staff complaint filed against you about? What was the complaint about?
>
> RESPONSE: Defendant objects to this interrogatory on the grounds that it is overbroad as to scope and time, vague and ambiguous in its reference to "staff complaint," compound, not relevant to a stated claim or defense in this action, not reasonably calculated to lead to the discovery of admissible evidence, calls for speculation, and assumes facts not in evidence. This interrogatory also seeks to invade Defendant's rights to privacy and confidentiality protected under common law and the Constitutions of the State of California and the United States. Similarly, this interrogatory seeks to invade the rights to privacy and confidentiality protected under common law and the Constitutions of the State of California and the United States of other individuals who are not party to this action. Without waiving these objections, Defendant responds as follows: Not applicable; Defendant does not recall any staff filing a complaint against Defendant.

(ECF No. 65 at 7.)

Defendant's objections are sustained. Plaintiff's reference to "602 staff complaint" is ambiguous, and defendant does not recall any staff filing a complaint against defendant Sahota. Further, to the extent plaintiff sought other inmate grievances against defendant Sahota, plaintiff

has failed to demonstrate that other inmate grievances are relevant to plaintiff's claims herein. Plaintiff's motion to compel further response is denied.

> INTERROGATORY NO. 10: What was the resolution of each 602 staff complaint against you?
>
> RESPONSE: Defendant objects to this interrogatory on the grounds that it is overbroad as to scope and time, vague and ambiguous in its reference to "staff complaint," not relevant to a stated claim or defense in this action, not reasonably calculated to lead to the discovery of admissible evidence, calls for speculation, and assumes facts not in evidence. This interrogatory also seeks to invade Defendant's rights to privacy and confidentiality protected under common law and the Constitutions of the State of California and the United States. Similarly, this interrogatory seeks to invade the rights to privacy and confidentiality protected under common law and the Constitutions of the State of California and the United States of other inmates who are not party to this action. Without waiving these objections, Defendant responds as follows: Defendant notes that inmates frequently file grievances against CDCR staff, including Defendant. Defendant does not recall any staff filing a complaint against Defendant.

(ECF No. 65 at 7-8.)

Because number 10 also addresses 602 staff complaints, the prior analysis applies, and as defendant is not required to further respond to numbers 9 and 10, no further response to number 10 is required by defendant Sahota.

C. Defendant Turner

> INTERROGATORY NO. 6: How many times have you had a 602 staff complaint filed against you?
>
> RESPONSE: Defendant objects to this interrogatory on the grounds that it is overbroad as to scope and time, vague and ambiguous in its reference to "602 staff complaint," not relevant to a stated claim or defense in this action, not reasonably calculated to lead to the discovery of admissible evidence, and assumes facts not in evidence. This interrogatory also seeks to invade Defendant's rights to privacy and confidentiality protected under common law and the Constitutions of the State of California and the United States. Without waiving these objections, Defendant responds as follows: Defendant recalls that two or three 602s were submitted against Defendant. Defendant has no knowledge or recollection of any staff complaint filed against Defendant.

(ECF No. 65 at 9.)

Notwithstanding the objections, defendant Turner responded that he recalled that two or three 602 inmate grievances were submitted against defendant, and that defendant had no

6

knowledge or recollection of any complaint filed by staff against defendant.  Plaintiff has failed to demonstrate how such answers are insufficient.  No further response is required.

> INTERROGATORY NO. 7:  What was the reason each staff com-complaint [sic] against you was filed?  What was the complaint about?
>
> RESPONSE:  Defendant objects to this interrogatory on the grounds that it is overbroad as to scope and time, vague and ambiguous in its reference to "staff com-complaint," not relevant to a stated claim or defense in this action, not reasonably calculated to lead to the discovery of admissible evidence, and assumes facts not in evidence.  This interrogatory also seeks to invade Defendant's rights to privacy and confidentiality protected under common law and the Constitutions of the State of California and the United States.  Similarly, this interrogatory seeks to invade the rights to privacy and confidentiality protected under common law and the Constitutions of the State of California and the United States of other individuals, who are not party to this action. Without waiving these objections, Defendant responds as follows: Not applicable; Defendant has no knowledge or recollection of any staff complaint filed against Defendant.

(ECF No. 65 at 9.)

Defendant's objections are sustained.  No further response is required.

> INTERROGATORY NO. 8:  What was the resolution of each 602 staff complaint against you?
>
> RESPONSE:  Defendant objects to this interrogatory on the grounds that it is overbroad as to scope and time, vague and ambiguous in its reference to "602 staff complaint," not relevant to a stated claim or defense in this action, not reasonably calculated to lead to the discovery of admissible evidence, and assumes facts not in evidence.  This interrogatory also seeks to invade Defendant's rights to privacy and confidentiality protected under common law and the Constitutions of the State of California and the United States.  Similarly, this interrogatory seeks to invade the rights to privacy and confidentiality protected under common law and the Constitutions of the State of California and the United States of other individuals who are not party to this action.  Without waiving these objections, Defendant responds as follows:  Not applicable; Defendant has no knowledge or recollection of any staff complaint filed against Defendant.

(ECF No. 65 at 10.)

Defendant's objections are well-taken.  No further response is required.

////

////

    D.  <u>Defendant Whitted</u>

> INTERROGATORY NO. 6: How many times have you had a 602 staff complaint filed against you?
>
> RESPONSE: Defendant objects to this interrogatory on the grounds that it is overbroad as to scope and time, vague and ambiguous in its reference to "602 staff complaint," not relevant to a stated claim or defense in this action, not reasonably calculated to lead to the discovery of admissible evidence, calls for speculation, and assumes facts not in evidence. This interrogatory also seeks to invade Defendant's rights to privacy and confidentiality protected under common law and the Constitutions of the State of California and the United States. Without waiving these objections, Defendant responds as follows: Defendant recalls that one inmate grievance was submitted against him many years ago. Defendant has no recollection or knowledge of any staff complaint filed against Defendant.

(ECF No. 65 at 11.)

    Notwithstanding the objections, defendant Whitted responded that he recalled that one 602 inmate grievances was submitted against defendant many years ago, and that defendant had no recollection or knowledge of any complaint filed by staff against defendant. Plaintiff has failed to demonstrate how such answers are insufficient. No further response is required.

> INTERROGATORY NO. 7: What was the reason each staff complaint against you was filed? What was the complaint about?
>
> RESPONSE: Defendant objects to this interrogatory on the grounds that it is overbroad as to scope and time, vague and ambiguous in its reference to "staff com-complaint," not relevant to a stated claim or defense in this action, not reasonably calculated to lead to the discovery of admissible evidence, calls for speculation, and assumes facts not in evidence. This interrogatory also seeks to invade Defendant's rights to privacy and confidentiality protected under common law and the Constitutions of the State of California and the United States. Without waiving these objections, Defendant responds as follows: Defendant recalls that one inmate grievance was submitted against him many years ago. Not applicable; Defendant has no knowledge or recollection of any staff complaint filed against Defendant.

(ECF No. 65 at 11-12.)

    Defendant's objections are sustained. No further response is required.

////

////

8

> INTERROGATORY NO. 8: What was the resolution of each 602 staff complaint against you?
>
> RESPONSE: Defendant objects to this interrogatory on the grounds that it is overbroad as to scope and time, vague and ambiguous in its reference to "602 staff complaint," not relevant to a stated claim or defense in this action, not reasonably calculated to lead to the discovery of admissible evidence, and assumes facts not in evidence. This interrogatory also seeks to invade Defendant's rights to privacy and confidentiality protected under common law and the Constitutions of the State of California and the United States. Similarly, this interrogatory seeks to invade the rights to privacy and confidentiality protected under common law and the Constitutions of the State of California and the United States of other inmates who are not party to this action. Without waiving these objections, Defendant responds as follows: Not applicable; Defendant has no recollection or knowledge of any staff complaint filed against Defendant.

(ECF No. 65 at 12.)

Defendant's objections are well-taken. No further response is required.

II. Request for Production of Documents

Plaintiff contends that defendants refuse to turn over two of the four documents requested. Defendants note that plaintiff provided no factual or legal discussion in support of the motion. Defendants state that they have produced over 100 pages of responsive documents, and argue that plaintiff is entitled to review his central file and Unit Health Records pursuant to prison procedures.

The reach of Rule 34 of the Federal Rules of Civil Procedure, which governs requests for production, "extends to all relevant documents, tangible things and entry upon designated land or other property." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472-473 (1998), citing 8A C. Wright & A. Miller, Federal Practice and Procedure § 2206, at 381. Rule 34 does require that the party upon whom a request is served "be in possession, custody, or control of the requested item." Clark, 181 F.R.D. at 473, citing Estate of Young v. Holmes, 134 F.R.D. 291, 293 (D. Nev.1991). Under Rule 34, "[c]ontrol is defined as the legal right to obtain documents upon demand. [Citation.] The party seeking production of the documents . . . bears the burden of proving that

////

////

9

the opposing party has such control." U.S. Int'l Union of Petroleum and Indus. Workers, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989); see also In re Citric Acid Lit., 191 F.3d 1090, 1108 (9th Cir. 1999) (discussing the same issue in a Rule 45 context).

A. 602 Staff Complaints

In addition, plaintiff contends that defendants refused to produce all of the 602 staff complaints or 602s filed against them. (ECF No. 65 at 2.)

> REQUEST FOR PRODUCTION NO. 2: A copy of 602 staff complaints filed against defendants Nangalama, K. Turner, G. Whitted and Sahota.

(ECF No. 65 at 15.)

> RESPONSE: Defendants object to this request on the grounds that it is overbroad in scope and time, vague and ambiguous in its reference to "602 staff complaints," burdensome, not relevant to a state claim or defense in this action, and not reasonably calculated to lead to the discovery of admissible documents. This request also seeks to violate the Defendants' rights to privacy and confidentiality under common law and the constitutions of the State of California and the United States. This request also seeks to violate the rights to privacy and confidentiality under common law and the constitutions of the State of California and the United States of other individuals who are not party to this action. No documents will be produced in response to this request.

(ECF No. 65 at 16.)

Defendants' objections are sustained. Plaintiff did not limit his request in time or scope, and the blending of "602," which refers to inmate grievances, with "staff complaints," which could refer to complaints filed by staff, or could refer to complaints filed against staff by inmates, is ambiguous. In addition, plaintiff failed to demonstrate how such documents would be relevant to his First and Eighth Amendment claims. See, e.g., Gamez v. Gonzalez, 2015 WL 236684 at *10 (E.D. Cal. Jan.16, 2015) (Plaintiff may not simply assert that he is dissatisfied for general reasons with defendants' objections, and that he wants an order compelling production of documents.) No further production is required.

B. Documents re Hunger Strikes

Specifically, plaintiff argues that defendant failed to provide the 128B chronos issued while plaintiff was a patient at the MOHU on suicide prevention and hunger strike from February

10

2, 2010, through February 18, 2010; and the unsigned progress notes written on February 4 or 5 or maybe February 6, 2010, while plaintiff was a patient at MOHU.  (ECF No. 65 at 2.)

Plaintiff's requests are set forth below, and the responses will be addressed together thereafter.

> REQUEST FOR PRODUCTION NO. 3:  A copy of all documents relating to and/or in reference to plaintiff's hungar [sic] strikes. Including plaintiff['s] stay in MOHU @ 13-1 in February 2009.
>
> RESPONSE:  Defendants object to this request on the grounds that it is overbroad, and vague and ambiguous.  Without waiving these objections, Defendants respond as follows:  See Exhibit B, which consists of portions of Plaintiff's Unit Health Records, including Hunger Strike Daily Reports, Hunger Strike (Fast) Worksheets, Refusals of Examination and/or Treatment, MHOHU Suicide Observation logs, Physician Orders, Mental Health Disciplinary Progress Notes, and Memorandum regarding claims of hunger strike.

(ECF No. 65 at 15.)

> REQUEST FOR PRODUCTION NO. 4:  A copy of all staff written chronos in reference to plaintiff's hungar [sic] strikes.
>
> RESPONSE:  Defendants object to this request on the grounds that it is overbroad in scope and time.  Without waiving these objections, Defendants respond as follows:  See Exhibit B.

(ECF No. 65 at 15-16.)

Defendants' objections to both requests are well-taken.  In the operative complaint, plaintiff alleges that he began his hunger strike on January 2, 2010.  (ECF No. 39 at 4.)  Thus, it is unclear why plaintiff sought hunger strike records from 2009.  Defendants' response does not indicate the time frame of the documents produced, but plaintiff does not object that the records provided were not appropriate and also did not provide the documents for the court's review. Defendants cannot be faulted for not producing 2010 records in response to request number 3 that seeks records from February 2009.

Defendants' response in connection with their Exhibit B reflect the production of numerous documents from plaintiff's unit health record.  Indeed, defendants state they produced over 100 pages of responsive documents to plaintiff.  (ECF No. 70 at 7.)  The documents sought by plaintiff are documents located in plaintiff's central file and prison medical file, which are

available to plaintiff through institutional policies and procedures. The court will not order defendants to produce documents that are equally accessible to plaintiff in his central file. See e.g. Ford v. Wildey, 2014 WL 4354600 at * 4 (E.D. Cal. Sept. 2, 2014) ("Defendant indicates that any such documents are located in his central file for which Plaintiff has equal access. This response complies with Rule 34 of the Federal Rules of Civil Procedure. . . ."); Valenzuela v. Smith, 2006 WL 403842 at *2 (E.D. Cal. Feb.16, 2006) (defendants will not be compelled to produce documents that are "equally available to plaintiff in his prison medical file or in the prison law library."). Plaintiff's motion to compel further production is denied.

III.  Request for Sanctions

Plaintiff's request for sanctions under Rule 37 of the Federal Rules of Civil Procedure is inappropriate because no court order requiring discovery responses had yet issued. Fed. R. Civ. P. 37(b). Thus, plaintiff's request for sanctions is denied.

If a motion to compel is granted, the moving party may be entitled to an award of reasonable expenses actually incurred in moving to compel, but plaintiff is not entitled to recoup any expenses in light of the denial of his motion. Fed. R. Civ. P. 37(a)(5)(A).

IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 65) is denied; and

2. Plaintiff's motion for sanctions (ECF No. 65) is denied.

Dated:  May 28, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/morr1202.mtc