IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LEON E. MORRIS,** | Case No. 2:12-cv-01202-MCE-KJN (PC) |
| Plaintiff, | **ORDER AND REVISED SCHEDULING ORDER** |
| v. | |
| **NANGALAMA, et al.,** | |
| Defendants. | |

Defendants seek clarification of plaintiff's claims in his third amended complaint, as well as modification of the scheduling order.

On May 6, 2014, the court found that in his second amended complaint plaintiff stated potentially cognizable First and Eighth Amendment claims for relief against defendants Dr. Nangalama, Dr. Sahota, Dr. Vu, Sgt. Turner and G. Whitted. (ECF No. 40.) On April 10, 2015, plaintiff filed a third amended complaint. In the screening order, the court noted that plaintiff had reiterated his cognizable claims against defendants Nangalama, Dr. Sahota, Sgt. Turner and G. Whitted, and clarified that plaintiff's former claims against Dr. Vu were appropriately directed to Dr. Vuong Duc. On August 6, 2015, all five defendants answered the third amended complaint, addressing both First and Eighth Amendment claims. (ECF No. 81 at 2.)

Plaintiff's third amended complaint states cognizable First Amendment claims against defendants Turner and Whitted based on plaintiff's allegations that defendants Turner and Whitted interfered with plaintiff's medical care during his hunger strike in retaliation for plaintiff filing staff complaints, and by writing Judge Henderson and the federal medical receiver. Plaintiff states cognizable First Amendment claims against Dr. Nangalama, Dr. Sahota, and Dr. Vuong Duc based on his claims that these doctors reduced or cancelled plaintiff's pain medication in retaliation for plaintiff's 602 appeals. Finally, plaintiff states cognizable Eighth Amendment claims against these doctors based on their failure to prescribe pain medication and orthopedic shoes. Plaintiff's claims involve records from 2007 through 2015.

The court turns now to defendants' request to modify the scheduling order by extending the deadline in which to file dispositive motions.

"The district court is given broad discretion in supervising the pretrial phase of litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 607).

In light of the assignment of new counsel to this case, as well as the length of time implicated by plaintiff's claims, the undersigned finds good cause to extend the pretrial motions deadline.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' request to modify the scheduling order (ECF No. 84) is granted; and

2. The deadline to file dispositive motions is extended to April 11, 2016. In all other respects, the August 13, 2015 discovery and scheduling order remains in effect.

Dated: January 29, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

morr1202.16b