UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON E. MORRIS, | No. 2:12-cv-1202 MCE KJN P |
| Plaintiff, | |
| v. | ORDER |
| NANGALAMA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se. On January 5, 2017, this action was stayed pending plaintiff's release from the Department of State Hospitals ("DSH") and his legal materials returned to him. On July 25, 2017, defendants were directed to provide the court with the date plaintiff was released from DSH custody, and plaintiff was ordered to show cause why he failed to comply with the June 9, 2017 order, and why this action should not be dismissed based on his failure to diligently prosecute this action.

On July 31, 2017, defendants filed a response confirming that plaintiff was discharged from DSH on January 12, 2017, back to the custody of the California Department of Corrections and Rehabilitation ("CDCR") at California State Prison, Sacramento ("CSP-SAC"). Plaintiff was transferred to California State Prison, Los Angeles County ("LAC") on April 27, 2017.

On July 24, 2017, one day before the court issued its order to show cause, plaintiff's July 21, 2017 status report, signed by plaintiff on June 29, 2017, was entered on the court's docket.

1

Plaintiff confirmed his return to CSP-SAC on January 13, 2017, and noted his various transfers following his recurring mental health issues, as well as his psychotropic medications. In March of 2017, plaintiff requested the return of his eleven boxes of legal materials and personal property, but received only eight boxes, which did not include his television or the legal materials for the instant case. (ECF No. 105 at 2.) Plaintiff states that due to his mental health issues, as well as his lack of legal materials, he cannot remember what is going on with this case or its status. Plaintiff has filed a grievance concerning his missing legal materials, and contacted the ombudsman, all to no avail. (ECF No. 105 at 2.) Plaintiff asks the clerk to provide plaintiff with copies of all documents filed in this case, and asks the court to advise the status of this action.

Plaintiff has now been released from DSH and is being treated at the EOP[1] level of mental health care. In light of plaintiff's release from DSH, the January 5, 2017, stay of this action is lifted. Because plaintiff's status report was dated June 29, 2017, under the mailbox rule, plaintiff's status report was a timely response to the June 9, 2017 order. Therefore, the July 25, 2017 order to show cause is discharged.

This action was filed on May 3, 2012. Plaintiff has amended his complaint multiple times, and now proceeds on plaintiff's third amended complaint filed April 10, 2015. (ECF No. 69.) In the third amended complaint, plaintiff renewed his First and Eighth Amendment claims against Nangalama, Sahota, K. Turner, and G. Whitted, and clarified that his former claims against an individual named Dr. Vu were appropriately directed to an individual named Dr. Vuong Duc. (ECF No. 3 at 1.) Defendants filed their answer on August 6, 2015, and the court issued a discovery and revised scheduling order on August 13, 2015. Plaintiff has been deposed. Defendants have twice moved for summary judgment, but consideration of such motions has been postponed due to plaintiff's mental health issues, as well as his difficulties retaining possession of his legal materials.

////

---

[1] CDCR's Mental Health Services Delivery System Program Guide provides four levels of mental health care services: Correctional Clinical Case Management System ("CCCMS"); Enhanced Outpatient ("EOP"); Mental Health Crisis Bed ("MHCB") and inpatient hospital care. Coleman v. Brown, 2013 WL 6491529, at *1 (E.D. Cal. Dec. 10, 2013).

1    Plaintiff's request for copies of all documents filed in this case is overbroad in light of the
2    multiple amendments of his pleading, as well as the status of this case. Discovery is closed, and it
3    is time for defendants' motion for summary judgment to be heard. Therefore, the Clerk of the
4    Court is directed to send plaintiff a copy of plaintiff's third amended complaint, defendants'
5    answer, and the discovery and revised scheduling order, as well as a copy of the case docket
6    sheet. Given plaintiff's mental health issues and the delay in this case, as well as his own claim
7    that he "has no idea" and "cannot remember what is going on with this case," it is unclear
8    whether plaintiff is able to proceed with this action. (ECF No. 105 at 2-3.) Therefore, within
9    thirty days from the date of this order, plaintiff shall inform the court whether the documents
10   provided have refreshed his recollection such that he is able to proceed with this action, or
11   whether he wishes to voluntarily dismiss this case. At that time, if plaintiff is able to proceed, the
12   court will direct defendants to provide plaintiff with copies of all discovery responses provided in
13   this case by both plaintiff and all defendants, and will issue a briefing order for the re-noticing of
14   defendants' motion for summary judgment. Plaintiff is cautioned that failure to timely respond to
15   this order will result in a recommendation that this action be dismissed based on plaintiff's failure
16   to diligently prosecute this action. (See ECF No. 106.)
17          Accordingly, IT IS HEREBY ORDERED that:
18          1. The January 5, 2017 stay of this action (ECF No. 102) is lifted;
19          2. The July 25, 2017 order to show cause (ECF No. 106) is discharged;
20          3. Plaintiff's request for copies of documents filed in this action (ECF No. 105) is
21   partially granted;
22          4. The Clerk of the Court shall send plaintiff a copy of plaintiff's third amended
23   complaint (ECF No. 69); defendants' answer (ECF No. 81), and the August 13, 2015 order (ECF
24   No. 82), as well as a copy of the case docket sheet; and
25   ////
26   ////
27   ////
28   ////

5. Within thirty days from the date of this order, plaintiff inform the court whether he can proceed, or whether he wishes to voluntarily dismiss this case. Failure to timely respond to this order will result in a recommendation that this action be dismissed.

Dated: August 8, 2017

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/morr1202.cop