UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON E. MORRIS,<br><br>    Plaintiff,<br><br>   v.<br><br>NANGALAMA, et al.,<br><br>    Defendants. | No. 2:12-cv-1202 MCE KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis. This matter is before the court for consideration of dismissal for lack of prosecution by plaintiff.

I. Background

This action was filed on May 3, 2012. Service of process was ordered and defendants Nangalama, Sahota, Turner and Whitted filed an answer on November 13, 2012. Plaintiff's in forma pauperis status was revoked under 28 U.S.C. § 1915(g), and the case dismissed based on plaintiff's failure to pay the filing fee. Following plaintiff's appeal, the Ninth Circuit reversed and remanded the case. (ECF No. 36.) On March 4, 2014, the judgment was vacated, plaintiff's in forma pauperis status was reinstated, and plaintiff was granted leave to file an amended pleading, which was filed on March 28, 2014. On September 4, 2014, defendants Nangalama, Sahota, Turner and Whitted filed an answer. On April 10, 2015, plaintiff filed a third amended complaint to add Dr. Duc, who was earlier mis-identified as Dr. Vu. Dr. Duc filed an answer on

1

August 6, 2015. On May 16, 2016, defendants filed a motion for summary judgment.

On August 2, 2016, defendants' motion was denied without prejudice, and this action was stayed for thirty days pending plaintiff's return from the Department of Mental Health ("DMH"). (ECF No. 95.) He was directed to file, within thirty days, a status report addressing the status of his current housing. (Id. at 2.) On August 24, 2016, plaintiff filed his status report, and on September 2, 2016, defendants renewed their motion for summary judgment. On October 18, 2016, the undersigned noted plaintiff's failure to oppose defendants' motion, and ordered plaintiff to file an opposition, if any, to the motion, and warned him that his failure would be deemed as consent to have the action dismissed for lack of prosecution, and dismissed based on plaintiff's failure to comply with the Federal Rules and a court order. (ECF No. 98 at 2.) Plaintiff was provided the specific warnings contained in Local Rule 230(l) regarding a party's failure to oppose a motion; Local Rule 110 regarding a failure to comply with the Local Rules; and Rule 41(b) of the Federal Rules of Civil Procedure concerning involuntary dismissals based on a plaintiff's failure to prosecute, or to comply with the Federal Rules or a court order. (ECF No. 98 at 1-2.) Further briefing ensued in response to plaintiff's claim that he was without his legal materials. (ECF Nos. 99-101.)

On January 5, 2017, this action was again stayed for ninety days pending plaintiff's release from the Department of State Hospitals ("DSH") and his legal materials returned to him. On June 9, 2017, plaintiff was ordered to inform the court, within thirty days, whether he was released from DSH and whether his legal materials had been returned. On July 25, 2017, defendants were directed to provide the court with the date plaintiff was released from DSH custody, and plaintiff was ordered to show cause why he failed to comply with the June 9, 2017 order, and why this action should not be dismissed based on his failure to diligently prosecute this action.

On July 24, 2017, one day before the court issued its order to show cause, plaintiff's July 21, 2017 status report, signed by plaintiff on June 29, 2017, was entered on the court's docket. Plaintiff confirmed his return to CSP-SAC on January 13, 2017, and noted his various transfers following his recurring mental health issues, as well as his psychotropic medications. He stated

that in March of 2017, plaintiff requested the return of his eleven boxes of legal materials and personal property, but received only eight boxes, which did not include his television or the legal materials for the instant case. (ECF No. 105 at 2.) Plaintiff also stated that due to his mental health issues, as well as his lack of legal materials, he "has no idea," and "cannot remember what is going on with this case or what the status of this case is." (Id.) Plaintiff sought copies of all documents filed in this case, and asked the court to advise the status of this action.

On July 31, 2017, defendants filed a response confirming that plaintiff was transferred to DSH custody at Salinas Valley State Prison on August 22, 2016, and was discharged from DSH custody on January 12, 2017, back to the custody of the California Department of Corrections and Rehabilitation ("CDCR") at California State Prison, Sacramento ("CSP-SAC"). (ECF No. 107 at 2.) He is being treated at the EOP[1] level of mental health care. Plaintiff was transferred to California State Prison, Los Angeles County ("LAC") on April 27, 2017, via Kern Valley State Prison. (ECF No. 107 at 2.)

On August 9, 2017, the stay was lifted, the order to show cause was discharged, and plaintiff was provided pertinent copies of pleadings, the discovery and scheduling order, and a copy of the court's docket sheet. (ECF No. 108.) Plaintiff was directed to "inform the court whether the documents provided have refreshed his recollection such that he is able to proceed with this action, or whether he wishes to voluntarily dismiss this case." (ECF No. 108 at 3.) Plaintiff was ordered to comply within thirty days, and warned that failure to timely respond to the order would result in a recommendation that this action be dismissed. (ECF No. 108 at 4.)

More than thirty days have passed, and plaintiff has not responded to the August 9, 2017 order as required.[2]

---

[1] CDCR's Mental Health Services Delivery System Program Guide provides four levels of mental health care services: Correctional Clinical Case Management System ("CCCMS"); Enhanced Outpatient ("EOP"); Mental Health Crisis Bed ("MHCB") and inpatient hospital care. Coleman v. Brown, 2013 WL 6491529, at *1 (E.D. Cal. Dec. 10, 2013).

[2] On August 14, 2017, plaintiff filed a second response to the order to show cause, but it is dated August 7, 2017, before the August 9, 2017 order issued. (ECF No. 109.) On August 18, 2017, a copy of plaintiff's outgoing legal mail log from May 3, 2017, to August 1, 2017, was filed, but it is not responsive to the August 9, 2017 order, but rather to the prior order to show cause which

3

## II. Operative Pleading

In the third amended complaint, plaintiff renewed his First and Eighth Amendment claims against Nangalama, Sahota, K. Turner, and G. Whitted, and clarified that his former claims against an individual named Dr. Vu were appropriately directed to an individual named Dr. Vuong Duc. Plaintiff alleges, *inter alia*, that in 2009 and 2010, defendants retaliated against plaintiff for exercising his right to file staff complaints, and demonstrated deliberate indifference to plaintiff's serious medical and mental health needs, in connection with plaintiff's hunger strike in 2010, and in addressing plaintiff's "chronic, debilitating and excruciating pain" resulting from his cervical spondylosis. (ECF No. 69.)

## III. Legal Standards

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); ); see also Pagtalunan v. Galaza, 291 F.3d 639, 640 (9th Cir. 2002) (affirming district court's *sua sponte* dismissal with prejudice "for failure to prosecute and failure to comply with a court order.'). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" Ferdik, 963 F.2d at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

## IV. Discussion

In determining to recommend that this action be dismissed, the court has considered the five factors set forth in Ferdik. Here, as in Ferdik, the first two factors strongly support dismissal

---

has been discharged. (ECF No. 110.) The mail log reflects plaintiff's legal mail from May 3, 2017, to a law firm; five times to the Court of Appeals for the Ninth Circuit (from May 3 to August 1, 2017), once to the Attorney General (June 28, 2017), and this court, once on July 18, 2017. (Id.) The CDCR inmate locator website reflects that plaintiff remains housed at the California State Prison in Lancaster as of September 19, 2017.

of this action. "[T]he public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). This action has been pending since March 4, 2014, following remand from the circuit. The scheduling order issued on August 13, 2015, plaintiff has been deposed, and it is well beyond the time for resolution of dispositive motions. (ECF No. 27.) "It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." Pagtalunan, 291 F.3d at 642. Plaintiff's failure to comply with the court's orders suggests that further time spent by the court will consume scarce judicial resources in addressing litigation which plaintiff does not diligently pursue.

Under the circumstances of this case, the third factor, prejudice to defendants from plaintiff's failure diligently prosecute this action, also favors dismissal. Plaintiff's failure to respond to the court's order prevents defendants from renewing their motion for summary judgment which has already been postponed twice. Such failure further delays resolution of this action, thereby causing defendants to incur additional time and expense. Moreover, the underlying incidents took place in 2009 and 2010, over seven years ago; thus, the fading of witness memories is likely, and the risk of loss of evidence is probable.

The fifth factor also favors dismissal. The court has advised plaintiff of the requirements under the Local Rules and Federal Rules of Civil Procedure, and granted much leeway to plaintiff in terms of granting stays and delaying the case in light of plaintiff's mental illness and periodic lack of legal materials. In addition, the record now confirms that, plaintiff was placed in DSH custody on August 22, 2016, and was discharged from DSH custody on January 12, 2017, only a week after the January 5, 2017 order granting the ninety day stay. Plaintiff did not respond to the order either upon his release from DSH custody, or upon expiration of the ninety day period. The court finds no suitable alternative to dismissal of this action where plaintiff fails to diligently prosecute his case or timely respond to court orders.

The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction. However, for the reasons set forth *supra*, the first, second, third, and fifth factors strongly support dismissal. Under the circumstances of this case,

5

those factors outweigh the general public policy favoring disposition of cases on their merits. See Ferdik, 963 F.2d at 1263.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 28, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/morr1202.nop.fr